**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **MATTHEW P. NEELY** | § | |
| | § | |
| **V.** | § | **CIVIL NO. 4:26-CV-837-P** |
| | § | |
| **GUILD MORTGAGE COMPANY LLC** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

This case is now before the Court for review of *pro se* Plaintiff's civil suit. In this case, Plaintiff is proceeding *in forma pauperis* and, as such, his pleadings are subject to preliminary screening pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to 28 U.S.C. § 1915(e)(2), the Court shall, *sua sponte*, dismiss a case proceeding IFP if the Court determines that, *inter alia*, it is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

Plaintiff filed his Complaint [doc. 1] on July 9, 2025. In the Complaint, Plaintiff alleged that federal question jurisdiction existed because "I borrowed money or debt, from the Defendant and the federal question is if the monies was created by law, congress, or state debt." (*See* Plaintiff's Complaint ("Pl.'s Compl.") at 4 (mistakes in the original).) After reviewing these allegations, the Court, in an order dated July 13, 2026, ordered Plaintiff to, *inter alia*, file "an Amended Complaint curing the deficiencies [in his Complaint] . . . by adding specific details regarding jurisdiction." [doc. 7]. Instead of filing an amended complaint, Plaintiff filed a response. (*See* Plaintiff's Response to Subject Matter Jurisdiction ("Pl.'s Resp.") at 1.) Having reviewed this response, Plaintiff still does not articulate any grounds for federal subject matter jurisdiction. (*See id.*)

Because Plaintiff is proceeding *pro se*, his pleadings are entitled to more lenient scrutiny than pleadings drafted by lawyers. *See Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th

Cir. 2016). However, the Court **FINDS and CONCLUDES** that no amount of liberal construction of Plaintiff's Complaint or the allegations set forth in Plaintiff's response to the Court's July 13, 2026 Order could result in a legally cognizable claim because Plaintiff has failed to show this Court has subject-matter jurisdiction to hear this case. Moreover, the Court warned that failure to establish subject-matter jurisdiction would "result in the sua sponte dismissal without prejudice of this case for lack of subject matter jurisdiction." [doc. 7]. As such, Plaintiff was given an opportunity to file a complaint that complies with the Federal Rules of Civil Procedure and provides a basis for this Court to exercise subject matter jurisdiction. Plaintiff failed to do so. Consequently, based on the Original Complaint, which is the live pleading before this Court, the Court is left with no choice but to recommend dismissal of Plaintiff's claims. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly, the Court **RECOMMENDS** that this case be **DISMISSED** for lack of subject-matter jurisdiction.

**NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest

injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**ORDER**

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **August 13, 2026,** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED July 30, 2026.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE